SOARD v. WESTERN ANTHRACITE COAL & MINING COMPANY.

Opinion delivered December 6, 1909.

1. MASTER AND SERVANT—NEGLIGENCE OF FELLOW SERVANT.—Where, in a suit on behalf of the administratrix of a deceased employee against his employer, a corporation, to recover damages for death resulting from the negligence of a fellow servant, the evidence tended to show that decedent's death was due to the negligence of a fellow servant without any concurring negligence on decedent's part, it was error to direct a verdict for the defendant. (Page 503.)

2. SAME—CONSTRUCTION OF FELLOW SERVANTS ACT.—The fellow servants act of March 8, 1907, applies to all corporations, without regard to the business in which they are engaged. (Page 504.)

3. SAME—WHEN CONTRIBUTORY NEGLIGENCE QUESTION FOR JURY.—Where the situation disclosed by the testimony is one from which different minds might reasonably draw different conclusions as to whether plaintiff's intestate was negligent, the question should have been submitted to the jury. (Page 504.)

4. SAME—CONTRIBUTORY NEGLIGENCE—BURDEN OF PROOF.—Under act of March 8, 1907, providing that all corporations and coal or railroad companies shall be liable to respond in damages to an agent, servant or employee, himself in the exercise of due care, for injury or death resulting from the negligence of a fellow servant, held that the burden is on the defendant in such a suit to prove contributory negligence on the part of the agent, servant or employee so injured or killed. (Page 504.)

Appeal from Johnson. Circuit Court; *J. Hugh Basham*, Judge; reversed.

*Brizzolara & Fitzhugh* and *Ira D. Oglesby*, for appellant.

The fellow servants act of 1907 is constitutional, and applies to all domestic corporations. 87 Ark. 587. Deceased was in the exercise of proper care for his own safety at the time of the injury. 114 Fed. 66; 98 Ill. App. 483; 92 Mo. App. 12; 28 Ind. App. 108. Appellee should have furnished appellant's intestate a reasonably safe place to work. 77 Ark. 1. Appellee is liable for

the negligent acts of deceased's fellow servant.   70 Ark. 295;
fellow servants act of 1907.

*Cravens & Covington* and *Sellers & Sellers,* for appellee.

The act of 1907, p. 162, does not apply to this case.   101
U. S. 557; 74 Am. St. R. 20; 102 Am. St. R. 185; 71 Ark. 561;
59 Ark. 356; 70 Ark. 481.   The act must be strictly construed.
70 Ark. 329; 25 Pac. 48; 10 L. R. A. 839; 113 Fed. 382; 137
N. C. 130; 76 S. W. 651; 61 L. R. A. 479; 75 S. W. 566; 41
Am. St. R. 30; 48 Ark. 305; 54 Ark. 627; 28 Ark. 469.   And if
the act does apply to this case, it is unconstitutional.   4 A. & E.
Rd. Cas. 280; 70 Ia. 559; 28 A. & E. R. Cas. 510; 67 Ia. 75;
65 Ia. 417; 46 Ia. 400; 59 Ia. 74; 6 A. & E. R. Cas. 149; 52
Kan. 264; 34 Pac. 739; 40 Minn. 249; 43 Minn. 222; 8 L. R. A.
419; 72 Ark. 358; 165 U. S. 160; 49 Ark. 492.   87 Ark. 587 is in
conflict with 207 U. S. 463.

McCULLOCH, C. J.   This is an action instituted by appellant,
Lula Soard, as administratrix of the estate of her deceased hus-
band, Chas. Soard, against appellee, Western Anthracite Coal &
Mining Company, a domestic corporation, to recover damages
accruing by reason of the death of said Chas. Soard, which are
alleged to have been caused by the negligence of appellee while
said decedent was at work in the airshaft of appellee's coal mine.
In the answer filed in the case the allegations of negligence con-
tained in the complaint are denied, and the defense of contribu-
tory negligence on the part of decedent is pleaded.   At the trial of
the case the court instructed the jury peremptorily to return a
verdict for the defendant, and judgment was rendered accord-
ingly.

Giving the evidence its strongest probative force in favor of
appellant, it established the fact that the death of her intestate,
while working for appellee in an airshaft of the coal mine, was
caused by the negligent act of one of his fellow servants, another
of appellee's servants engaged in work at the same place; and that
said decedent was at that time in the exercise of due care for his
own safety.   Under this state of the testimony it was error for
the court to give a peremptory instruction.   The disputed issues
of fact should have been submitted to the jury upon appropriate
instructions of law.   According to the terms of the act of March

8, 1907, known as the Fellow Servant Act, the evidence warranted a verdict and judgment for damages against appellee for the death resulting from the negligence of decedent's fellow servant. We have held the statute in question to be valid legislation. *Ozan Lbr. Co.* v. *Biddie,* 87 Ark. 587; *Aluminum Co. of N. A.* v. *Ramsey,* 89 Ark. 522.

It is unnecessary to determine whether or not appellee was "engaged in mining coal" within the meaning of the statute in question, as it is a corporation, and the statute applies to all corporations, without regard to the particular business in which they are engaged.

It is insisted that, according to the undisputed evidence, appellant's intestate was not in the exercise of due care at the time he was killed, but was guilty of negligence which contributed to his own injury and death. We conclude, however, that such is not the state of the proof. The situation disclosed by the testimony is one from which different minds might reasonably draw different conclusions as to whether or not appellant's intestate was guilty of negligence. Therefore the question should have been submitted to the jury.

The burden of proof was on appellee to show contributory negligence. The language of the statute is that the injured servant must have been "in the exercise of due care" before there can be a recovery on account of the negligence of a fellow servant. This language was intended merely to preserve to the employer the defense of contributory negligence, and does not change the rule as to the burden of proof, which is still on the employer in such cases. *Aluminum Co. of N. A.* v. *Ramsey, supra.*

For the error of the court in giving the peremptory instruction the judgment must be reversed, and the cause is remanded for new trial.