A. L. Clark Lumber Company *v.* Bolin.

Opinion delivered January 23, 1911.

1. Instruction—burden of proof.—In an action to recover for personal injuries it was not error to refuse to instruct the jury that "if, after a full consideration and comparison of all the evidence, you are in doubt as to whether the defendant was negligent, then the plaintiff has failed to make out his case," as the instruction erroneously placed upon the plaintiff the burden of proving his case beyond a doubt. (Page 346.)

2. Appeal and error—harmless error.—It was not prejudicial error to refuse to charge the jury that the liability of defendant corporation was no greater than that of its servants whose negligence caused the injury complained of, where the court correctly charged as to the measure of damages. (Page 346.)

3. Trial—improper argument.—In the trial of a personal injury suit against a corporation plaintiff's counsel in argument, referring to defendant's counsel, and said: "Gentlemen of the jury, you all remember when Brother Tompkins appeared in a different attitude in these cases." Upon objection by defendant's counsel, the court said: "I expect that was wrong; this case should be tried only on the facts here shown." *Held* that there was no reversible error because the court failed to administer a more severe rebuke. (Page 347.)

Appeal from Pike Circuit Court; *James S. Steel*, Judge; affirmed.

*McRae & Tompkins* and *D. L. McRae*, for appellant.

1. The court erred in refusing to direct a verdict for appellant. The master is not the insurer of a servant's safety, nor is there any presumption of negligence against the master on proof of injury. 79 Ark. 76; *Ib.* 437; 46 Ark. 555. No negligence is shown. 86 Ark. 289; 91 Ark. 260. Presumptions cannot be indulged in. 79 Ark. 441.

2. The court erred in refusing prayers Nos. 7 and 11. The refusal was prejudicial, as also were the remarks of counsel.

*W. P. Feazel* and *McMillan & McMillan*, for appellee.

1. The question of negligence was for the jury. 90 Ark. 19. This verdict settles the question of negligence of the fellow-servants and that plaintiff was in the exercise of due care. 87 Ark. 590; 89 *Id.* 522; 92 Ark. 502.

2. The instructions 7 and 11 were properly refused. 92 Ark. 502; 89 Ark. 522.

3. The remarks of counsel were not prejudicial in the slightest degree.

McCulloch, C. J. Plaintiff, W. H. Bolin, received injuries while working for the defendant, A. L. Clark Lumber Company, a corporation, in the operation of a railroad in Pike County, Arkansas, and instituted this action against defendant to recover damages. He alleges in his complaint that his injuries resulted from a negligent act of his fellow-servants, while he and they were working together in this discharge of their duties. Defendant denied the allegations of negligence, and also pleaded contributory negligence and assumption of the risk upon the part of the plaintiff. Plaintiff recovered judgment below, his damages being assessed at the sum of $1,000, and the defendant appealed.

The principal contention is that the evidence is legally insufficient to sustain the verdict, in that it fails to show any negligence on the part of the other employees of defendant. Plaintiff's injury occurred in this wise: He and his fellow-employees were engaged in unloading steel rails from a flat car. The rails weighed about six hundred pounds each. He and one of the other workmen were together unloading rails on the left side of the car, using crowbars for that purpose, the plaintiff standing at one end of the car and the other man at the other, and rolling the rails off with the crowbars. A crew consisting of five or six men were working together on the other side of the car unloading rails, employing, however, a different method from that used by plaintiff and his companion. All of them would stand at one end of the car and lift an end of a rail and throw it to the ground, leaving the other end to roll or slide off. These men lifted a rail and attempted to throw it off, but failed to raise it high enough, and, instead of falling off in the usual manner, it caught on the socket for the standards on the side of the car, and one end swung around and struck plaintiff on the jaw and knocked him from the car, severely injuring him.

It is insisted that the negligence of these men consisted in failing to lift the rail high enough to throw it clear of the socket; and we are of the opinion that these circumstances proved in the case justified the jury in finding that they were guilty of negligence. There was little or no dispute as to the real facts

of the case, but it was a matter proper for submission to the jury to draw the inference from these facts whether or not the acts constituted negligence. We conclude, therefore, that the evidence was legally sufficient to warrant the verdict, and it should not be disturbed. Under the statutes of this State, the defendant is required to respond in damages for injuries caused by the acts of its servants who were fellow-servants of the plaintiff. Acts of 1907, p. 62; *Soard* v. *Western Anthracite Coal & Mining Co.,* 92 Ark. 502, and cases cited.

Error of the court is assigned in its refusal to give the seventh instruction requested by defendant, which is as follows: "If, after a full consideration and comparison of all the evidence, you are in doubt as to whether the defendant was negligent, then the plaintiff has failed to make out his case as required by law, and your verdict should be for the defendant." This instruction was incorrect, and the court properly refused to give it. It erroneously placed upon plaintiff the burden of proving his case beyond a reasonable doubt.

Error is also assigned in the court's refusal to give the following instruction requested by defendant: "You are instructed as a matter of law in this case that there is no evidence that the defendant, A. L. Clark Lumber Company, was guilty of negligence; but the law makes the defendant liable for the negligence of the fellow-servants of the plaintiff. You are told that, this being true, if you believe from the evidence that the negligence of the fellow-servants of plaintiff caused the injury, such servants would be just as much liable to the plaintiff as the defendant would be. So in this case, if you believe from the evidence that the plaintiff's co-laborers were guilty of negligence causing the injury to plaintiff, the measure of damages against the defendant is for no greater sum than it would be against the co-laborers if they were defendants." Whilst the same measure of damages is applicable to a suit against a corporation as to one against its servants who caused the injury, yet it does not follow that it is necessary to so declare the law to the jury, who are presumed to be of sufficient intelligence to apply the law alike to all litigants. The court gave the jury correct instructions as to the measure of damages in the case, and it would be a great stretch to hold that the defendant was

prejudiced by the court's refusal to tell the jury that its liability was no greater than that of its servants who were guilty of the negligent act which caused the injury.

It is urged that a certain remark of counsel was prejudicial, and that the judgment should be reversed because the court failed to administer a more severe rebuke to counsel in excluding the remark from the consideration of the jury. The remark objected to is as follows: "Gentlemen of the jury, you all remember when Brother Tompkins appeared in a different attitude in this class of cases." When objection was made by defendant's counsel, the trial judge said, addressing plaintiff's counsel: "I expect, judge, that was wrong; this case should be tried only on the facts here shown." Now, it is evident that the remark of the counsel in his argument was intended as a matter of pleasantry, referring, doubtless, to the fact that Mr. Tompkins had previously appeared on the other side of personal injury cases. We cannot see how the jury could have treated the remark otherwise than as having been made in a spirit of levity. It is impossible to discover how any prejudicial effect could have resulted from it, viewing it in any light.

We see no error in the record, and the judgment is affirmed.