HILL *v.* ST. LOUIS, IRON MOUNTAIN & SOUTHERN RAILWAY COMPANY.

Opinion delivered July 5, 1915.

MASTER AND SERVANT—SAFE TOOLS—QUESTION FOR JURY.—Plaintiff in the employ of defendant was, in the performance of his duty, holding a chisel, which was struck by another employee with a maul. The head of the maul flew off, injuring plaintiff. *Held*, under the evidence it was a question for the jury whether the master was negligent, in not furnishing his servants with safe tools.

Appeal from Pope Circuit Court; *Hugh Basham,* Judge; reversed.

*Hays & Ward,* for appellant.

1. It is error on the part of the trial court to direct a verdict, where there is any legal evidence to sustain the issues in favor of the party against whom the verdict is directed. 63 Ark. 94; 76 Ark. 520 and cases cited; 95 Ark. 359. And in testing the sufficiency of the evidence, this court will give it the strongest probative force of which it is susceptible. 57 Ark. 461, and cases cited; 66 Ark. 363; 76 Ark. 520.

2. Hill and the witness Wood, who went and got the maul under the direction of the roadmaster, were fellow-servants. Wood selected the maul that he himself had broken that day, and knew that it was defective and unsafe, but did not inform Hill. This being true, appellant is liable. 93 Ark. 93; 92 Ark. 502; 89 Ark. 522; 109 Ark. 288; 107 Ark. 512.

No brief filed for appellee.

KIRBY, J. This suit was brought by appellant, administratrix of the estate of her deceased husband, John F. Hill, for damages for personal injury alleged to have been caused him by the negligence of the railway company in failing to furnish him safe tools with which to do the work he was directed to do, and engaged in at the time of the injury.

The answer denied the allegations of the complaint and pleaded contributory negligence and assumed risk in bar of the right to recover.

The court directed a verdict for the railway company, and from the judgment rendered thereon, this appeal is prosecuted.

It appears from the testimony that John F. Hill was a section foreman upon appellant's line of railway; and on the day of the injury, he had taken his section gang by the direction of the roadmaster to assist James Kelley, another section foreman in changing some steel at the wye at Dardanelle. The roadmaster, J. Y. Dollar, was present in charge of the work. He instructed Hill and one Wood, a man belonging to Kelley's gang, to shear an angle bar. This is done by one man holding a chisel on the bar, and another striking the chisel with a sledge or maul, and

driving it through the bar, cutting off that portion not desired.

Dollar directed Wood to get the maul and do the striking while Hill held the chisel on the bar. Wood went to the place where the tools belonging to the Kelley gang were kept and selected a bell maul, the best one there, and brought it back, and they began to cut off the edge of the angle bar. After he had struck several licks, eight or ten, the maul flew off the handle and broke Hill's arm between the wrist and elbow.

The head of the maul was of steel and weighed eight or ten pounds. The handle was of wood, and upon the morning of that day had been broken off. It was trimmed again and inserted and wedged into the hammer. The broken handle was used because no other handle was provided, and the head of the maul was more likely to fly off in the use of it than if the handle had not been broken or a new one had been fitted thereto. Wood knew of the condition of the maul, but said nothing about it to Hill, who was holding the chisel to be driven through the angle bar.

It was also shown that the sledges or mauls belonging to Hill's gang had not been brought upon the work, and that both of them had split and defective handles, which was known to Hill. He was in the exercise of due care at the time of the occurrence. The rule is, in determining on appeal, the correctness of a trial court's action in directing a verdict, to take that view of the evidence most favorable to the party against whom the verdict is directed, and where there is any evidence tending to establish the issue in favor of the party against whom the verdict is directed, it is error to take the case from the jury. *Williams* v. *St. Louis & S. F. Ry. Co.*, 103 Ark. 401; *Soard* v. *Western Anthracite Coal & Mining Co.*, 92 Ark. 502; *Aluminum Co.* v. *Ramsey*, 89 Ark. 522.

In the last cited case the court said: "The test is, could reasonable and fair-minded men, from all the facts and circumstances adduced in evidence, have come to different conclusions as to whether or not negligence on the part of appellee might be inferred. If so, the right to draw the inference is for the jury."

The law imposes the duty upon the master to exercise ordinary care to provide its servants with reasonably safe tools and appliances with which to do their work, and under the circumstances of this case, it was a question for the jury to determine whether the railway company had performed its duty in furnishing the defective maul or hammer, by the use of which the injury occurred while the deceased was himself in the exercise of proper care for his own safety.

The court erred in taking the case from the jury, and the judgment is reversed and the cause remanded for a new trial.