### WILLIAMS v NATIONAL PUMPS CORP

Ohio Appeals, 2nd Dist, Montgomery Co

No 1137.  Decided Jan 26, 1933

Goebel, Dock & Goebel, Cincinnati, for plaintiff.

Craighead, Cowden, Smith & Schnacke, Dayton, for defendant.

496

KUNKLE, J.

In brief, the questions presented for determination are First, Are the provisions of the Code of Ohio relating to amendments by a corporation a part of the stockholder's contract? Second, If so, are such statutory provisions in reference to amendments constitutional and do they furnish an exclusive remedy for stockholders who are dissatisfied with the action of the other stockholders in making such amendments?

In brief, the plaintiff insists that the relations between a corporation and its stockholders are founded in contract and that a stock certificate issued by the corporation is the written evidence of such contract and that the terms of the contract as expressed in such certificate of stock can not be changed by the corporation or its stockholders without the consent of such stockholders.

In brief, the defendant claims that a very important part of the contract between a corporation and its stockholders consists of the provisions of the law under which the corporation was formed, and the stock in question was issued; that when the plaintiff became a stockholder sub-divisions 14, 15 and 72 of §8623 GC were in full force and effect and became a part of the contract between plaintiff and the corporation so issuing said stock. It will. be kept in mind that this is not a case wherein the plaintiff acquired the stock in question after the amendment to the section of the Code referred to but is a case wherein the sections of the Code referred to were in full force and effect when the plaintiff became such stockholder.

Paragraph 14 of §8623 GC is as follows:

"A corporation organized under the provisions of this act or of any previous corporation act of this state may by amendment alter its articles in any respect; provided, that only such provisions shall be included or omitted by amendment as it would be lawful to include in or omit from original articles filed at the time of making such amendment or effect changes of shares as hereinafter provided for. In particular, without prejudice to the generality of such power of amendment, a corporation may by amendment: (a) Change its name; (b) Change the place in this state where its principal office is to be located; (c) Change, add to or diminish its purpose or purposes; (d) Increase or reduce the par value of issued or unissued shares having par value; (e) Increase or reduce the authorized number of shares of any class; (f) Change issued or unissued shares of any class whether with or without par value into a different number of shares of the same class, or into the same or a different number of shares of any other class or classes with or without par value, theretofore or thereby created; (g) Create a new class or classes of shares; (h) Authorize the board of directors, within the limitations and restrictions stated in such amendment to adopt an amendment in respect to unissued or treasury shares of any class or series, fixing or altering the dividend rate, redemption price or liquidation price of such shares or the number of shares constituting any series; (l) Change the express terms and provisions of any class or shares; or of any series; (j) Change any provision of the articles which was included or add any provision proper to be included pursuant to paragraph 7 of §8326-4 (8623-4) GC".

Secs 8623-15 and 8623-72 GC without quoting the same in detail provide the manner in which compensation may be made to any stockholder who objects to the amendment. As above stated, paragraphs 14, 15 and 72 of §8623 GC were in effect when plaintiff became a stockholder.

Counsel have favored the court with unusually exhaustive briefs in which many of the pertinent decisions of this and sister states and of the United States are cited and discussed in detail. The briefs also refer to the relevant sections of our Code. We have examined these briefs and considered the leading cases cited therein with

care. It would be impracticable for us to attempt to discuss the authorities so cited in detail. We shall content ourselves with merely announcing the conclusion at which we have arrived after a thorough consideration of such authorities.

Reference is made in the briefs to the case of Weston v The Remers-Graham Company. This case originated in Montgomery County and was considered by this Court of Appeals. The case of **Gieger v Seeding Machine Company, 124 Oh St, 222** originated in Clark County and was also considered by this Court of Appeals. In the case of **Mansfield Coldwater and Lake Michigan Railway Company v Brown, 26 Oh St, 224** the third paragraph of the syllabus is as follows:

"Subscriptions to the capital stock of such corporations are to be construed with reference to consolidation statutes in force and subscribers are bound thereby as if the statutes were part of the contract of subscription."

From a review of the Ohio and other authorities we cannot escape the conclusion but that the power to amend the charter of a corporation by less than an unanimous vote, when considered in connection with the provsiions of paragraphs 15 and 72 of §8623 GC which provide a fair compensation to those stockholders who object to such amendment, forms a part of the plaintiff's contract as a stockholder. These sections provide a remedy for the objecting stockholders and we cannot escape the conclusion but that the remedy so provided is exclusive.

We think the provisions of paragraphs 14, 15 and 72 are constitutional and entertaining the view that these sections should be read into the certificates of stock and form a part thereof, it follows that the plaintiff is not entitled to the relief sought.

Finding will therefore be in favor of defendant.

ALLREAD, PJ, and HORNBECK, J, concur.