GERTRUDE STERNFELD, on Behalf of Herself and All Other Common Stockholders, Similarly Situated, of Toxaway Tanning Company, Respondent, *v.* TOXAWAY TANNING COMPANY et al., Appellants, et al., Defendants.

Argued March 11, 1943; decided April 15, 1943.

*Joseph C. Slaughter, Charles H. Lieb* and *Morris Katz* for appellants.

*Stanley Rosenthal* and *Maxwell Okun* for respondent.

RIPPEY, J. This action is grounded in fraud and deceit. It is not an action for damages. The defendant corporation is organized and existing under the laws of the State of North Carolina.

The relief sought is a declaration that a preferred stock issue of the defendant corporation be declared illegal and of no effect: that the stock certificates issued thereunder be declared null and void and cancelled; that the holders of such stock be directed to return any of such stock held by them to the defendant corporation for cancellation and that the corporation be directed to cancel the same; that the corporation be enjoined from in any wise dealing in or issuing any of such stock still remaining in the treasury; that the corporation and its officers be directed to file with the Secretary of State of North Carolina a certificate cancelling the certificate of the corporation under the authority of which the stock was authorized and that the defendants be enjoined from hypothecating, transferring or otherwise dealing with such stock and from declaring or paying dividends thereon. Some necessary defendants have not been served with the summons and have not appeared.

A judgment of a court in this State granting the relief sought could not be enforced nor could the plaintiff be granted complete relief without cancellation of recapitalization proceedings taken under the laws of a foreign state and of shares of stock issued thereunder and consequent interference with the internal affairs and management of a foreign corporation. In those circumstances, jurisdiction by our courts will not be entertained (*Travis* v. *Knox Terpezone Co.*, 215 N. Y. 259; *Cohn* v. *Mishkoff Costello Co.*, 256 N. Y. 102; *Rogers* v. *Guaranty Trust Co.*, 288 U. S. 123). Considerations of convenience, efficiency and justice point to the courts of the domicile of the corporation for settlement of the issues presented and necessarily involved in a complete determination of the present case. That fraud is alleged is not a decisive factor inducing our courts to entertain jurisdiction.

The orders appealed from should be reversed with costs in all courts, the motion to dismiss the complaint granted, with ten dollars costs, and the question certified answered in the negative.

LEHMAN, Ch. J., LOUGHRAN, FINCH, LEWIS, CONWAY and DESMOND, JJ., concur.

Ordered accordingly.