William B. Groat, J.
Motion by defendant Union Pacific Railroad Co. for an order dismissing the action and vacating the service of the summons and complaint on the grounds (1) that this court does not have jurisdiction over the subject matter in that assumption of jurisdiction would impose an undue burden on interstate commerce and (2) that this court is a forum, non conveniens.
The action is brought to recover damages for injuries sustained in a collision of two motor vehicles on a public highway in the State of California. Both cars bore California registrations. Plaintiff is a resident of the State of New York as is the codefendant. The defendant railroad is a foreign corporation organized under the laws of the State of Utah.
At the outset it may be stated that the second ground urged for vacatur of process is without merit. While the New York courts may refuse jurisdiction over a suit between nonresidents (Bata v. Bata, 304 N. Y. 51, 56), they will not reject jurisdiction where the plaintiff is a resident of this State unless the suit *236 involves regulation and management of the internal affairs of a corporation depending upon the laws of another State or where the judgment would be futile because of inability to enforce it. (Langfelder v. Universal Labs., 293 N. Y. 200, 204; Sternfeld v. Toxaway Tanning Co., 290 N. Y. 294, 297.) The doctrine of forum non conveniens is not invoked to deny a resident plaintiff resort to the New York courts to recover damages in a transitory action. (Wagner v. Braunsberg, 5 A D 2d 564.)
As the Court of Appeals said in de la Bouillerie v. de Vienne (300 N. Y. 60, 62): “ Our courts are bound to try an action for a foreign tort when either the plaintiff or the defendant is a resident of this State. * * * It is only when an action is brought by one non-resident against another for a tort committed outside the State that our courts may refuse to take cognizance of the controversy.”
It follows that the second ground urged for vacating process is without merit. There remains for consideration the question of undue burden on interstate commerce.
Defendant railroad is not doing business in this State. It is undisputed that it operates a line of railroad in the western part of the United States from Omaha, Nebraska, and Kansas City, Missouri, to Los Angeles, California, Portland, Oregon and Seattle, Washington. It does not operate any trains east of Omaha or Kansas City. Its principal office is at Omaha, Nebraska.
Defendant railroad does maintain offices for the solicitation of passenger and freight traffic at 626 Fifth Avenue and 120 Broadway, New York City. It also maintains a transfer office as required by the New York Stock Exchange. Its business, however, is railroading, none of which is done in the State of New York. Its activities here do not constitute doing business within the State (Philadelphia & Reading Ry. Co. v. McKibbin, 243 U. S. 264; Toledo Rys. & Light Co. v. Hill, 244 U. S. 49, 53), and the exercise of jurisdiction in this action would be an unreasonable burden upon interstate commerce (Matter of Baltimore Mail S. S. Co. v. Fawcett, 269 N. Y. 379, 388; cf. Ball v. Canadian Pacific Steamships, 276 N. Y. 650; Klepper v. Canadian Pacific Ry. Co., 271 App. Div. 53).
The motion is granted.
Submit order.