A. W. AYERS et al., etc., Appellants,

v.

BURLEY TOBACCO GROWERS COOPERATIVE ASSOCIATION, Appellee.

Court of Appeals of Kentucky.

March 24, 1961.

D. K. Floyd, New Castle, for appellants.

L. T. Peniston, New Castle, for appellee.

BIRD, Chief Justice.

Burley Tobacco Growers Cooperative Association was incorporated on January 11, 1922, under what is now known as Chapter 272, Kentucky Revised Statutes. The statutes then provided that the articles of incorporation specify the term for which the association is to exist, not however to exceed fifty years. (KRS 272.130 prior to 1960 amendment.) Pursuant to this authority the term was fixed in the original articles of incorporation at twenty years. Near the expiration of that period, *and pursuant to statutes then in force,* the articles were amended by a vote of two-thirds of the directors and a majority of the members so as to extend the term for twenty years, or until January 10, 1962.

At its 1960 session the General Assembly amended Chapter 272 so as to permit the perpetual existence of such associations. KRS 272.130(1) (d). At this same session the General Assembly modified Chapter 272 so as to permit an amendment for term extension upon approval of two-thirds of the directors. KRS 272.140(2).

Pursuant to this authority, two-thirds of the directors gave perpetual existence to the association. Hereby and hereof, so the lawyers say, was the seed of discord sown and the trouble born. Prior to the 1960 amendment a vote of the majority of the members was also necessary to so amend the articles of incorporation in any particular.

The members contend that the statutory amendments and the directors' action thereunder are unconstitutional in that they impair the obligation of a contract and provide for the taking of property without due process of law in violation of Section 19 of the Kentucky Constitution and Article 1, Section 10 and Amend. 14 of the Constitution of the United States. This action was filed by the members against the association for the purpose of determining whether or not the constitutional rights were violated as contended.

The trial court found that the statutory amendments did not violate either of the constitutions and that the action of the board of directors thereunder was duly authorized. The members appeal.

As we discuss this case let us keep in mind that the General Assembly, upon enacting the two amendments heretofore mentioned, also made the following provision in KRS 272.145:

"When an amendment to the articles of incorporation is adopted by virtue of subsection (2) of KRS 272.140 such an amendment shall be without prejudice to the right of any stockholder or member to withdraw from the corporation and receive the value in cash of his interest therein as appraised and determined by the board of directors as permitted by KRS 272.150(2) (i)." 1960, c. 133, § 3. Eff. 6–16–60.

Let us also keep in mind that the charter was originally granted when KRS 272.150 (2) (i) and (3) were in full force and effect, the pertinent part of which reads as follows:

" * * * In case of the withdrawal or expulsion of a member, the board of directors shall equitably and conclusively appraise his property interests in the association and shall fix the amount thereof in money, which shall be paid to him within one year after such expulsion or withdrawal.

" (3) Such by-laws may be amended, changed, or altered at any time thereafter by the affirmative vote of a majority of the entire number of directors of the association at any director's meeting duly called and held." 1942, c. 11 § 1. Eff. June 1, 1942.

Let us further keep in mind that under the foregoing authority, the following by-law was then enacted by the association:

"The Association, by action of the Board of Directors, shall have the full right to purchase the full interest of

any member in the property or other rights of the Association, at the book value thereof, whenever in the judgment of the said Board, it is essential to the interests of the Association so to do; and the Statement of book value thereof by the Board of Directors shall be conclusive. Any member whose rights are so purchased shall cease to be a member of the Association and his membership certificate shall thereupon be cancelled."

The association was incorporated and chartered under specific statutory authority. Under this same authority some 400,000 persons have become members of the association. Not only does a contract exist between the state and the association but also between the association and each of its members. It is undisputed that the contracts thus created are protected by the contract impairment provisions of Article 1, Section 10 of the Constitution of the United States and Section 19 of the Constitution of Kentucky. However, Section 3 of the Constitution of Kentucky was in full force and effect at the time of incorporation and it was also a part of every contract growing out of the incorporation. That section specifically reserves to the state the right to revoke, alter or amend its grant of charter. Thus the right to impair is written into the charter contract by constitutional reservation. Consequently, the contract impairment provision of Article 1, Section 10 of the Federal Constitution does not apply to that contract. For the same reasons Section 19 of the Kentucky Constitution would not apply. Phillips Petroleum Co. v. Jenkins, 297 U.S. 629, 56 S.Ct. 611, 80 L.Ed. 943.

Even so, the reservation is not without its limitations. There are yet to be considered the contracts between the association and its members. In 16 C.J.S. Constitutional Law § 320, c, it is said:

"* * * The extent, however, to which the power of the legislature to amend or repeal the charter of a corporation may be exercised is not unlimited, but remains subject to the provisions of the federal Constitution which inhibit laws impairing the obligation of contracts, depriving persons of property without due process of law, or denying the equal protection of law. * * * It cannot impair contracts of the corporation with the state, or with third persons, or between the stockholders * * * inter esse, *even though such agreements are recorded in the charter."* (Emphasis ours.)

The rule we think is succinctly stated in Coombes v. Getz, 285 U.S. 434, at page 441, 52 S.Ct. 435, at page 436, 76 L.Ed. 866:

"The authority of a state under the so-called reserved power is wide; but it is not unlimited. The corporate charter may be repealed or amended, and, within limits not now necessary to define, the interrelations of state, corporation and stockholders may be changed; but neither vested property rights nor the obligation of contracts of third persons may be destroyed or impaired."

It will be noted that the exercise of the reserved power is not denied or prohibited. It is only limited. It may be exercised so as to effect changes that will not defeat or substantially impair rights vested under the grant and it may be exercised to promote the due administration of corporate affairs.

We must concede that voting on amendments to articles of incorporation is a right vested in each member and the courts will not permit such rights to be substantially impaired or taken without due process of law.

Here, however, the legislature proposed to permit the directors to do no more than extend the corporate life of the as-

sociation by amending its articles without a vote of its members. Does this constitute a substantial impairment of the voting right? We have concluded that it does not. The members are not compelled to continue membership for a period greater than that contemplated when they became members. They have always been privileged to withdraw. Consequently, it appears to us that, under the circumstances of this case, there was no real loss upon being deprived of the right to vote on this particular amendment to the articles. In other words the right was without value. When a right is without value it is indeed difficult to substantially impair it and if the right is without value it does not constitute property the taking whereof would be violation of the due process provisions of the state and federal constitutions. Nor, in this case, can the manner of remuneration upon withdrawal constitute a substantial impairment of a vested right or the taking of property without due process of law. Throughout the years of corporate existence, members of this association have approved the method of evaluation and payment for those members who care to withdraw and leave the association. This is evidenced by that portion of the by-laws heretofore quoted. The provision of the 1960 amendment for compensation upon withdrawal is so consistent with the by-laws originally enacted upon statutory authority that it amounts to no more than a reiteration and constitutes no change.

Upon the whole case it is the Court's conclusion that trial court properly adjudicated the rights of the parties. The judgment is therefore affirmed.