**BANNER TRANSFER COMPANY et al.,**
**Appellants,**

v.

**Foster OCKERMAN, Commissioner of**
**Department of Motor Transporta-**
**tion, et al., Appellees.**

Court of Appeals of Kentucky.

Oct. 6, 1961.

Rehearing Denied March 23, 1962.

Stanley B. Mayer, Louisville, for appellants.

John B. Breckinridge, Atty. Gen., George L. Willis, III, Frankfort, Earl C. Frankenberger, Louisville, Robert H. Kinker, Rudy Yessin, Frankfort, for appellees.

BIRD, Chief Justice.

In 1932 the Kentucky General Assembly passed an Act regulating trucks for hire

and requiring that such operation be conducted under certificates of public convenience and necessity. (Acts 1932, c. 99). It exempted local cartage operations.

Between 1932 and 1954, divers persons and companies engaged in local cartage operations free of regulation. There were so many of these operations in Louisville and other cities, and the business became so competitive, that the Legislature at its 1954 Session passed an Act authorizing the Department of Motor Transportation to regulate the local cartage business and requiring the operators to obtain certificates of public convenience and necessity. It provided, however, for the issuance of such certificates to those who were in operation on December 31, 1953, and who filed their applications with the Department prior to January 1, 1956. This Act became effective on June 17, 1954. Therefore, all local cartage operators had from June 17, 1954, to January 1, 1956, to file their applications for a certificate of public convenience and necessity under the "grandfather" clause. After January 1, 1956, (the critical date) any applicant could file for a local cartage certificate but it was required to show public convenience and necessity.

The pertinent part of the 1954 Act reads as follows:

"Any person engaged, as of December 31, 1953, in the operation of a local cartage business as defined by KRS 281.010(20), shall, upon application before January 1, 1956, and upon the approval of the department, be entitled to such certificate or certificates of such type or types as defined in this Chapter to cover their local cartage operations as of December 31, 1953. In the event the department does not approve such application, the applicant shall be entitled to a hearing." Acts 1954, c. 188, § 6.

Thereafter at the 1958 Session of the General Assembly, subsection (4) of KRS 281.665 was repealed and re-enacted to read as follows:

"Any person operating a motor vehicle exclusively engaged in the transportation of property for hire between points within a city or between such city and its commercial area, as of December 31, 1953, or who has purchased such an operation which was being so operated, upon filing a verified application, supported by documentary evidence showing that said operation has been actual and continuous since said date, upon approval of the department, pursuant to a hearing, shall be entitled to such local cartage certificate or certificates, as the proof may warrant."

It will be noted that the critical date of January 1, 1956 was eliminated and no other date was placed in its stead. It only provided that if the applicant had been operating in local cartage on December 1, 1953, and had been in actual and continuous operation since that date, it would be entitled to a certificate. Both sections pertain to the "grandfathering" of local cartage operations.

This action was brought by local cartage operators who took advantage of the "grandfather" clause of the 1954 Act before the critical date of January 1, 1956, for the purpose of testing the constitutionality of the 1958 Act. The 1958 Act was declared valid and the plaintiffs appeal. Their complaint is clearly stated in appellants' brief as follows:

"These appellants have certain vested rights conferred upon them under the 1954 Act of the Legislature, which is, in effect, a contract or franchise. The 1958 Act takes away from them this vested right, this contract or franchise, and permits others, who, through neglect or some other reason, failed to qualify under the 1954 Act."

Assuming that a contract does exist as contended, it must be remembered that Section 3 of the Kentucky Constitution reserves the power in the State to revoke, alter or amend. This reserved power, how-

ever, is not without limits. It will not be exercised to destroy or substantially impair rights vested under the State's grant. Ayers v. Burley Tobacco Growers Cooperative Ass'n, Ky., 344 S.W.2d 836. Let us look at the right granted under the 1954 Act. The plaintiffs had the right, under the Act, to carry on a cartage operation without having to secure a certificate of convenience and necessity from the Department of Motor Transportation along with other operators who were engaged in that business on December 31, 1953.

That is exactly the same right that they have under the Act of 1958. We must therefore join the trial court in holding that there has been no destruction or impairment of the right created under the Act of 1954 and we find it unnecessary to further discuss the nature of the right.

The judgment is affirmed.